UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN GORDON,  Plaintiff,  v.  FRANK GOBES, ESQUIRE,  Defendant. | CIVIL NO. 3:24-CV-01745  (Magistrate Judge Latella) |

## MEMORANDUM

Defendant, Frank Gobes, Esquire, seeks reconsideration of this Court's Order granting Plaintiff's Motion to Transfer Venue. Because this matter has already been transferred to the Southern District of New York, we lack jurisdiction to entertain Defendant's Motion, and so, it will be denied.

### I.   PROCEDURAL BACKGROUND

Plaintiff initiated this action by filing a Complaint against Defendant Frank Gobes on October 11, 2024. (Doc. 1). Plaintiff filed a motion for default judgment on November 21, 2024. (Doc. 7). Defendant filed a Motion to Dismiss on November 27, 2024. (Doc. 8).

1

On that same date, Plaintiff filed a brief in support of his motion for default judgment. (Doc. 9).

Both parties consented to have a magistrate judge conduct all proceedings in this matter, including trial and entry of a final judgment. (Doc. 11).[1] The Court denied the motion for default judgment on December 4, 2024. (Doc. 13). Plaintiff again filed a motion for entry of default on December 6, 2024, (Doc. 15), and a supporting brief on December 10, 2024, (Doc. 16). On December 11, 2024, Plaintiff filed a brief in opposition to Defendant's Motion to Dismiss. (Doc. 17). Plaintiff then filed an additional brief in support of his motion for entry of default on December 12, 2024. (Doc. 18). The Court again denied Plaintiff's motion for entry of default on December 16, 2024. (Doc. 19).

On December 30, 2024, Defendant filed a brief in support of his Motion to Dismiss. (Doc. 22). Plaintiff filed a brief in opposition to the Motion to Dismiss on January 21, 2025. (Doc. 27). Defendant filed a

---

[1] We filed a notice on June 24, 2025, informing the parties of our intention to continue to exercise the jurisdiction the parties had previously consented to absent any objection from the parties. (Doc. 31). No such objections were filed.

reply brief in further support of his Motion to Dismiss on February 4, 2025. (Doc. 28).

Plaintiff filed a "Motion for Leave of Court to Amend Complaint to Add Parties" ("Motion to Amend") and a supporting brief on June 11, 2025. (Docs. 29, 30). Defendant filed a brief in opposition to the Motion to Amend on June 25, 2025. (Doc. 32). Plaintiff filed a "Motion to Request Transfer of Venue" on August 30, 2025, (Doc. 33), and a supporting brief on September 12, 2025, (Doc. 34). Defendant did not file an opposition to "Plaintiff's Motion to Request Transfer of Venue." Plaintiff filed a Motion to withdraw his Motion to Amend on September 13, 2025. (Doc. 35).

On October 23, 2025, we entered a Memorandum (Doc. 36) and Order (Doc. 37) granting Plaintiff's "Motion to Request Transfer of Venue. On that same date, the case was transferred electronically to the Southern District of New York. On October 27, 2025, the Southern District of New York opened this matter as case 1:25-cv-08911. On October 28, 2025, Defendant filed a "Notice of Intention to File Reconsideration." (Doc. 38). In that "Notice," Defendant indicated that he was in "receipt of correspondence dated October 28, 2025, notifying

[him] that the Southern District of New York has opened a case in this matter." (*Id.*).  Defendant then filed a Motion for Reconsideration (Doc. 39) and supporting brief (Doc. 40) on November 5, 2025.

## II.   DISCUSSION

"It is well established that the 'transferor court loses jurisdiction to reconsider its order for transfer once the records in the transferred action are physically transferred to and received by the transferee court." *Herod's Stone Design v. Mediterranean Shipping Co. S.A.*, No. 18-6118, 2018 WL 6191946, at *2 (D.N.J. Nov. 28, 2018) (quoting *Database Am., Inc. v. Bellsouth Advert. & Publ'g Corp.*, 825 F. Supp. 1216, 1221 (D.N.J. 1993)); *Lang v. Patients Out of Time*, No. CV20615MASTJB, 2021 WL 1214757, at *1 (D.N.J. Mar. 31, 2021); *see also Wilson–Cook Medical, Inc. v. Wilson,* 942 F.2d 247, 250 (4th Cir. 1991); *In re Spillane,* 884 F.2d 642, 645 (1st Cir. 1989); *Robbins v. Pocket Beverage Co., Inc.,* 779 F.2d 351, 355 (7th Cir. 1985); *In re Sosa,* 712 F.2d 1479, 1480 (D.C. Cir. 1983); *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.,* 689 F.2d 982, 988 n. 10 (11th Cir. 1982); *In re Southwestern Mobile Homes, Inc.,* 317 F.2d 65, 66 (5th Cir. 1963); *Drabik v. Murphy,* 246 F.2d 408, 409 (2d Cir. 1957); *Lou v. Belzberg,*

834 F.2d 730, 733 (9th Cir. 1987) (same), *cert. denied,* 485 U.S. 993, 108 S.Ct. 1302, 99 L.Ed.2d 512 (1988).

With electronic case transfers, that is complete once the case is transferred and opened as a new case number in the transferee court. *See Lang*, 2021 WL 1214757 at *1. To the extent a party wishes to challenge a transfer, courts have instructed that the party must first move to stay the transfer in the transferor court. *See In re Southwestern Mobile Homes, Inc.,* 317 F.2d at 66 (Because "the plaintiff . . . had [failed to] seasonably move[ ] for a stay within which to seek review" of the district judge's transfer order, the transfer proceeded and its completion could no longer be reviewed); *Drabik v. Murphy,* 246 F.2d at 409 ( "Although service of the plaintiff's motion for reargument was made ... before the papers had been lodged with the clerk of the [transferee court,] that did not stay the transfer, or preserve the jurisdiction of the [transferor court.] If the plaintiff had moved seasonably for a stay, and the stay had been denied, his motion might conceivably have preserved his right, but he did not do so.").

Here, Defendant did not file a motion seeking to stay the transfer of this case. The Southern District of New York opened this matter on

October 27, 2025. Defendant subsequently filed a notice of his intention to move for reconsideration. (*See* Doc. 38) (acknowledging that he was in receipt of correspondence from the Southern District of New York indicating that it had opened this matter under a new docket number). Eight days later, he moved for reconsideration. (Docs. 39, 40). Because we were divested of jurisdiction when the Southern District of New York opened its case on October 27, 2025, Defendant's Motion for Reconsideration is denied.

However, even if this Court retained jurisdiction – which it does not – Defendant's Motion fails on the merits. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a court should grant a motion for reconsideration if the party seeking reconsideration shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999).

"The standard for granting a motion for reconsideration is a stringent one.... [A] mere disagreement with the court does not translate into a clear error of law." *Mpala v. Smith,* CIV. 3:CV–06–841, 2007 WL 136750, *2 (M.D. Pa. Jan. 16, 2007) *aff'd,* 241 F. App'x. 3 (3d Cir. 2007). Further, "reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Sibio v. Borough of Dunmore*, No. CIV.A. 3:06-CV-0995, 2007 WL 1450419, at *1 (M.D. Pa. May 15, 2007) (citing *Hill v. Tammac Corp.,* Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Because reconsideration is an extraordinary remedy, such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck,* 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999); *see also Chesapeake Appalachia, L.L.C. v. Scout Petroleum, LLC*, 73 F. Supp. 3d 488, 491 (M.D. Pa. 2014), *aff'd sub nom. Chesapeake Appalachia, LLC v. Scout Petroleum, LLC*, 809 F.3d 746 (3d Cir. 2016).

First, Plaintiff concedes that he failed to respond to Plaintiff's Motion to Transfer, without providing any good cause to excuse the failure to file an opposition. (Doc. 39 at ¶ 5; Doc. 40 at 2). To the extent Defendant wished to oppose Plaintiff's Motion to Transfer, he should

7

have filed a timely response in opposition. *See* M.D. Pa. L.R. 7.6 ("Any party opposing any motion . . . shall file a brief in opposition within fourteen (14) days after service of the movant's brief . . . [a]ny party who fails to comply with this rule shall be deemed not to oppose such motion."); *see also Sibio*, 2007 WL 1450419, at *1 (reconsideration may not be used to raise arguments that could have been raised prior to entry of order).

Further, Defendant fails to satisfy the "stringent" standard for reconsideration. He has not pointed to an intervening change in controlling law, the availability of new, previously unavailable evidence, or established the need to correct a clear error of law or fact or to prevent manifest injustice. *See Max's Seafood Café ex rel. Lou–Ann, Inc.,* 176 F.3d at 677. Accordingly, even if we retained jurisdiction, Defendant's Motion would nonetheless fail on the merits.

## III.  CONCLUSION

For the reasons set forth herein, Defendant's Motion for Reconsideration (Doc. 39) is denied.  An appropriate order follows.

**Date: November 6, 2025**         *s/ Leo A. Latella*
                                   **LEO A. LATELLA**
                                   **United States Magistrate Judge**